IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-71 |
| DANIEL BUCCERONI | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

**I.     Background**

The defendant, Daniel Bucceroni, pled guilty to Count Seven of the superseding indictment charging him with distribution of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. The defendant and the government, ahead of his guilty plea, entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, agreeing that the appropriate sentence in this case is 3 years' probation, a fine, if any, to be determined by the Court, and a $100 special assessment. Under the terms of the agreement the government agrees to move to dismiss Count Six of the superseding indictment against Mr. Bucceroni. The government urges the Court to accept the terms of the plea agreement and sentence the defendant accordingly. The defendant is scheduled for sentencing on December 8, 2021.

**II.    Plea Agreement**

The defendant and the government entered into a plea agreement that stated that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the appropriate disposition of this case is as follows: 3 years' probation, a fine, if any, to be determined by the Court, and a $100 special assessment. If the Court does not accept this plea agreement, then either the defendant or the

government will have the right to withdraw from the plea agreement and insist that the case proceed to trial.

### III.  Statutory Maximum Sentence and Guidelines Calculation

The Court may impose the following sentence: Count Seven (distribution of a mixture and substance containing a detectable amount of cocaine, and aiding and abetting), 20 years' imprisonment, a mandatory minimum 3 years of supervised release up to lifetime supervised release, a $1,000,000 fine, and a $100 special assessment.

In anticipation of sentencing the United States Probation Office prepared a Presentence Investigation Report (PSR). The government agrees with the calculations outlined in the PSR. Pursuant to USSG § 2D1.1, the base offense level for the offense should be 24. PSR ¶ 24. The defendant meets the requirements of USSG § 5C1.2 and thus is entitled to a two-level reduction in the offense level. PSR ¶ 25. The defendant is entitled to a two-level reduction for being a minor participant, under USSG § 3B1.2(b), and a three-level reduction for acceptance of responsibility, under USSG § 3E1.1(a). PSR ¶ 27, 31, and 32. Accordingly, the total offense level is 17. PSR ¶ 33. The defendant had 0 criminal history points and therefore falls under a criminal history category of I. PSR ¶¶ 36 and 37. As a result, the defendant's sentencing guideline range is 24 to 30 months' imprisonment. PSR ¶ 67.

### IV.  Consideration of the 3553(a) Factors

The Court must consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a), in determining the appropriate sentence in this case. The Section 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[1] Restitution is not an issue in this case.

### A. The nature and circumstances of the offense and the history and characteristics of the defendant.

The defendant is a 67 year old man without a criminal record. He has a life-long track record of employment including owning a successful furniture company and operating several different business locations. He is married and has raised two children into adulthood – one of whom he continues to care for due to significant health issues. Despite these positive aspects and attributes, here the defendant aided an effort to distribute cocaine, by storing the substance, in his business for an associate of the Philadelphia La Cosa Nostra (LCN). The substance was then sold to an Federal Bureau of Investigation (FBI) Undercover and then stored, again, for a period of

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

time at the defendant's business before it was finally removed. In the balance, then, the defendant presents as troubling in that he knows better than to commit these crimes and has otherwise shown he can lead a law abiding and productive life yet chose to violate the law.

      **B.**      **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

It is clear from the defendant's background that he is able to lead a law abiding life and be a productive member of society. It also appears that the current offense was an anomaly in Mr. Bucceroni's history. In the government's estimation the defendant has a strong degree of respect for the law and appreciation for the seriousness of the offense, particularly following his arrest and prosecution in this matter. The agreed upon sentence will reinforce the seriousness of the offense, promote respect for the law and provide just punishment.

      **C.**      **The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.**

Considering the defendant's prior lifetime of law abiding behavior, the agreed upon sentence will be a strong deterrent to future crimes by Mr. Bucceroni. However, to ensure that the defendant leads a law abiding life, following this conviction, a fine is appropriate in this case. According to the PSR, the defendant has a net worth of approximately $565,000, and he retained counsel. The PSR notes that the defendant "could afford to make a modest lump sum payment towards a fine within the guideline range." PSR ¶ 64. The guideline range fine in this case is $10,000 to $1,000,000. PSR ¶ 75. Costs of prosecution, of $4,465, should also be imposed. PSR ¶ 76. These financial penalties should work to ensure the deterrent effect on the defendant.

  **D.** **The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

There is no known need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." § 3553(a)(2)(D). To the extent that the defendant faces a need for training, education, care, or treatment, a sentence consistent with the plea agreement will not inhibit the defendant from seeking and receiving assistance for those needs.

  **E.** **The guidelines and policy statements issued by the Sentencing Commission and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

The government is not aware of any policy statements that are of particular concern in this case.

**V.**     **Conclusion**

As the court is aware, the defendant's plea agreement was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The agreement stipulates, that if accepted by the Court, that the defendant is to be sentenced to a term of 3 years' probation and a $100 special assessment. The government submits that the defendant should also be required to pay a fine within the guideline range and the costs of prosecution of $4,465. The agreed upon sentence, and the recommended fine and cost of prosecution, is within the applicable guidelines and it is believed that it is consistent with the goal of sentencing the defendant to a punishment that is sufficient but not greater than necessary.

    Respectfully submitted,

    JENNIFER ARBITTIER WILLIAMS
    United States Attorney

    *s/ Jonathan B. Ortiz*
    JONATHAN B. ORTIZ
    JUSTIN ASHENFELTER
    Assistant United States Attorneys

    ALEXANDER GOTTFRIED
    Trial Attorney, U.S. Department of Justice

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date I caused a true and correct copy of the foregoing to be served upon the following:

>Peter Bowers, Esquire
>Counsel for defendant Daniel Bucceroni

>*s/ Jonathan B. Ortiz*
>JONATHAN B. ORTIZ
>Assistant United States Attorney

Dated: December 3, 2021